UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
   Plaintiff,

v.                   Civil Action No. 2:05cv576

MAERSK LINE LIMITED,
   Defendant.

## ORDER AND OPINION

   Currently before the court is defendant Maersk Line Limited's Motion to Dismiss, filed on February 14, 2006, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), timely filed its reply on February 27, 2006. Defendant failed to file a rebuttal brief; therefore, this matter is ripe for review. After examination of the briefs and record, the court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons set out herein, the court **DENIES** defendant's motion.

   A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face or attack underlying jurisdictional claims within the complaint. Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1094 (E.D. Va. 1995). The plaintiff has the burden of establishing jurisdiction, and the court may consider facts outside of the pleadings without converting the motion into one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). When applying 12(b)(6), the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

Here, defendant's motion to dismiss alleges that the EEOC violated federal regulations when it failed to "issue a notice of intent to reconsider a previously-issued determination" (Mo. to Dismiss 3-6). Defendant contends that such violation eliminates jurisdiction in this court.[1] Additionally, defendant alleges that the EEOC's complaint fails to state a claim for which relief can be granted.

Although defendant properly assesses the requirements of the regulations set forth in 29 C.F.R. § 1601.19 and 1601.21, defendant misconstrues the facts of the instant matter. Briefly reciting the facts, Kaled M. Saleh, the charging party, filed a claim with the EEOC in March of 2003 alleging: (1) harassment based on his national origin; and (2) retaliatory discharge from employment based on his national origin. In a "Determination" letter dated Sept 30, 2004, the EEOC issued a "no cause" finding on the issue of harassment, but determined that there was "reasonable cause" to believe that Saleh was discharged based on his national origin. The letter afforded Saleh ninety days to sue on the harassment claim and stated that the EEOC would continue pursuing the retaliatory discharge allegation.[2] Conciliation efforts related to the

---

[1] Jurisdiction is otherwise proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

[2] It is undisputed that Saleh failed to timely file suit on the harassment charge.

discharge claim occurred as required by statute, and on June 30, 2005, the EEOC issued the required notice indicating that conciliation efforts were unsuccessful and that the case was being forwarded for "possible litigation" (EEOC Resp. Ex.E).  Additionally, on June 30, 2005, the EEOC issued a "Revised Determination" related to Saleh's claims; notably, the revised document was backdated September 30, 2004.

Defendant contends that the EEOC failed to follow required procedures involved in the "reconsideration" of the original Determination letter issued on September 30, 2004.  See 29 C.F.R. § 1601.19.  Although the EEOC admits that the required procedures for reconsideration of prior findings were not followed, the EEOC argues that prior findings were never reconsidered.  Rather, the EEOC states that it merely issued a revision to correct administrative errors contained in the original Determination, as the original letter improperly listed Saleh's race/national origin as "Black" and "Afgani," whereas the revised Determination correctly identifies Saleh as "Arabic (Yemen)."

In Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554 (11th Cir. 1997), a case relied upon by defendant, the court concluded that the EEOC did not "reconsider" the claims on the merits because there was "no indication that additional evidence was before the EEOC . . . no request that the EEOC reconsider on the merits . . . and [n]either the second EEOC letter nor the cover letter accompanying it indicates that it was the culmination of a reconsideration.  To the contrary, the cover letter said that '[t]he Determination is reissued as of this date.'"  Id. at 557.  Likewise, here, there is no indication that new evidence was before the EEOC, nor evidence of a request to reconsider the merits, and the second EEOC letter does not indicate that it was the "culmination of a reconsideration;" to the contrary, the title of the second letter is "Determination

–Revised." After comparing the EEOC's Determinations and considering the explanation for the revision, it is clear that the revised Determination contained no substantiative changes and the facts before the court present no indication that the EEOC performed any substantive review.

The EEOC's intention to merely correct a previous error is further supported by the fact that the revised Determination was backdated. In Gitlitz, the dispute involved whether the charging party had ninety days from the original no cause Determination or ninety days from the "reissued" no cause Determination to timely file suit. Id. at 556-57. The court concluded that because a reconsideration on the merits did not occur, the limitations period began to run on the date of the original Determination. Here, the EEOC recognized that it was not performing a reconsideration on the merits and backdated the revised Determination in an effort to merely replace the previous document which contained non-substantive errors. In backdating the revision, the EEOC ensured that Saleh was precluded from attempting to file suit on the harassment claim. Thus, the court concludes that the EEOC's revised Determination, correcting only Saleh's national origin and not revisting or revising the findings of the underlying claims, was not a reconsideration on the merits.[3] The EEOC acted within its power to make a non-substantive correction; therefore, jurisdiction is proper in this court.

Furthermore, defendant's motion presents no justification for dismissing the EEOC's

---

[3] The court agrees with plaintiff's assertion that the "plain language of the reconsideration regulations anticipates that with reconsideration, the Commission is considering changing a determination . . . . Thus due process requires notice to the affected parties" (EEOC Resp. 5-6). In contrast, here, the EEOC did not consider changing its previous Determination; rather, it "simply corrected an administrative error" and therefore, the reconsideration regulations are not implicated. Additionally, defendant's argument that the EEOC failed to properly engage in conciliation procedures is without merit, as the discharge claim was the subjection of conciliation procedures prior to June 30, 2005, and the correction of the administrative error did not require that completed procedures be reinitiated.

complaint for failure to state a claim.  Considering the evidence in a light most favorable to the plaintiff, the complaint appears to sufficiently set forth facts which, if proven true, indicate that Saleh was terminated by Maersk because he complained about national origin discrimination. Therefore, plaintiff's complaint states a claim upon which relief can be granted.

For the reasons discussed more fully above, Maersk's motion to dismiss is **DENIED**, as the EEOC did not perform a "reconsideration" of Saleh's claims, but rather, merely corrected a previous error in reporting Saleh's national origin.

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March  10 , 2006